## 42072. LEDFORD v. THE STATE.
(333 SE2d 576)

SMITH, Justice.

A Gordon County jury found appellant, Barbara Ledford, guilty of the murder of Jose "Ralph" Leon. Appellant was sentenced to life imprisonment. She raises three enumerations of error. We affirm.[1]

At the trial, the State produced a statement that appellant had given to the police. In the statement she related the following information. She admitted that she killed the victim. She stated that the victim's threat to take their daughter to Connecticut led to a fight. During the fight, the victim bashed her head against the kitchen floor and punched her in the stomach. She took a .22 caliber rifle out of the kitchen closet and ran into the yard.

While she was standing in the yard, she heard the victim rampaging through their trailer. He soon appeared in the yard, carrying a belt with a large metal buckle. As he approached her, he told her that she would have to kill him if she shot him because he would not back off. She shot him twice in the chest and six times in the back. She then watched while he cried out for a doctor as he bled to death. After he was dead, she wrapped his body in a blanket, soaked it with gasoline, and burned it.

In the statement, appellant also admitted that during the month before the homicide, she had told a number of people that she wanted to shoot and burn the victim. She stated that she had threatened him before with the same rifle after a similar argument over their daughter. She also acknowledged that she had staged a burglary after the murder in an apparent attempt to evade suspicion.

Appellant testified at trial that the victim beat her severely on occasion. She also stated that he had beat her on the morning and afternoon of the day of his death. Witnesses for the State verified appellant's threats to kill the victim, but they stated that they thought that she was joking.

Another witness for the State testified that the victim at one

---

[1] The crime was committed on October 21, 1984. The Gordon County jury returned its verdict of guilty on January 8, 1985. A notice of appeal was filed January 9, 1985. The transcript of evidence was filed January 29, 1985. The record was docketed in this Court February 27, 1985. The case was submitted on April 12, 1985.

point admitted that he had punched appellant previously. The witness recalled that appellant, upon hearing this, claimed that she had gotten in her "licks." He also testified that on the day of the homicide, appellant claimed that her relationship with the victim had been free of violence for weeks.

1. In her third enumeration of error, appellant raises the general grounds. We find the evidence sufficient to uphold the conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In her second enumeration of error, appellant claims that the trial court erred in failing to charge the jury as requested in response to a particular segment of the prosecutor's closing argument.

Appellant specifically asserts that the prosecutor implied that the trial judge expected a guilty verdict, and that the judge should have clarified his role in the trial proceedings to the jury. The judge instructed the jury that nothing he did during the course of the trial should be interpreted as an opinion on "the facts of the case, the credibility of the witnesses, the weight of the evidence, or the guilt or innocence of the defendant." He then stated, "Now, all of this is for your decision and your verdict. Each and all of these areas belong exclusively to you for your determination." We find no error.

3. In her first enumeration of error, appellant claims that the trial court erred in refusing to grant funds to her so that she could hire investigators and expert witnesses. "[T]he general rule is that the grant or denial of a motion for assistance of expert witnesses and other investigative services lies within the sound discretion of the trial court." *Castell v. State*, 250 Ga. 776, 783 (301 SE2d 234) (1983).

(a) Appellant specifically wanted to hire an expert to testify as to a possible defense involving "battered woman syndrome." See *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981).

The trial court ordered that appellant "be remanded to the custody of the Georgia Department of Human Resources and that she be examined by professionals from the Forensic Services Program to determine her competency to stand trial and her degree of criminal responsibility in relation to the offense with which she is charged." This order contemplates an examination that could relate to battered woman syndrome.[2] The trial court did not abuse its discretion in refusing to grant appellant funds for further psychiatric examination. See, e.g., *Finney v. State*, 253 Ga. 346 (320 SE2d 147) (1984); *Finney v. Zant*, 709 F2d 643, 645 (1983).

(b) We find that the trial court, under the facts of this case, did not abuse its discretion in refusing to grant appellant funds so that

---

[2] No mention of this examination appears subsequently in the record.

she could hire investigators. *Baxter v. State*, 254 Ga. 538 (331 SE2d 561) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 4, 1985.

*Rex W. Garner*, for appellant.

*Darrell E. Wilson*, District Attorney, *Michael J. Bowers*, Attorney General, *Eddie Snelling, Jr.*, Staff Assistant Attorney General, for appellee.